UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:18-CR-110-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION and ORDER** |
| SCOTT KOEHLER, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*

On March 18, 2019, Defendant Scott Koehler appeared before the Court for a competency hearing. Koehler was represented by court-appointed counsel at the hearing. After considering the evidence, including reports of competency evaluations submitted by the Defendant, the Court found that Koehler is suffering from a mental disease or defect that makes him unable to understand the consequences and nature of the criminal proceedings and makes him unable to assist his attorney, which renders Koehler incompetent to stand trial at this time. As a result, Koehler shall be **COMMITTED** to the custody of the United States Attorney General for a reasonable period, not to exceed four months, to determine whether there is a substantial probability that Koehler's condition will improve in the foreseeable future such that he may stand trial.

## I. Procedural History

Defendant Scott Koehler is charged with two counts of unlawful possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(8), (g)(9). [DE 1]. Koehler's former court-appointed attorney, Benjamin D. Allen, moved for a competency evaluation. [DE 18]. Allen stated that he had doubts about whether Koehler could understand the charges contained in the indictment. [*Id.* at 4, Pg ID 44]. Additionally, Allen stated that Koehler was uncooperative and that the statements Koehler made "were often not rational or grounded in reality." [*Id.*]. Finally, Allen stated that other individuals who had interacted with Koehler had concerns about his mental competency, including Koehler's parents and two attorneys representing Koehler in pending criminal and probation violation matters in state court. [*Id.*].

As a result, on October 16, 2018, the Court ordered that Koehler be committed to the custody of the United States Attorney General so that a mental health evaluation could be conducted. [DE 24]. Koehler was evaluated by Dr. Alicia Gilbert, a forensic psychologist, who stated,

> [I]t is the professional opinion of this writer that Mr. Koehler's present ability to understand the nature and consequences of the court proceedings brought against him, as well as his ability to properly assist counsel in a defense are substantially impaired by a mental disease or defect. Mr. Koehler appears to be suffering from symptoms associated with a Bipolar Disorder with

2

> delusional, distorted, and grandiose thinking. He is overly confident about his abilities to fight his legal case and his narcissistic traits appear to interfere with his ability to listen to reason or the advice of others.

[DE 32 at 17, Pg ID 91]. Dr. Gilbert went on to say that,

> Fortunately, individuals with Bipolar Disorder respond well to medication treatment, . . . However, it is unclear if he will comply voluntarily to medication treatment as he has no insight and is currently unable to recognize that he has a problem.

[*Id.*].

Subsequently, the Court scheduled a competency hearing and appointed attorney Patrick Nash as counsel for Koehler since Mr. Allen had moved to withdraw as counsel. [DE 38]. The competency hearing has been rescheduled twice to ensure that Mr. Nash was adequately prepared to represent Mr. Koehler in these proceedings. [DE 41; DE 50]. Additionally, Koehler sent several letters directly to the Court that are filed in the record.

At the competency hearing, Dr. Alicia Gilbert, the forensic psychologist who evaluated Mr. Koehler, testified and stated that her professional opinion continued to be that Koehler demonstrated symptoms of Bipolar Disorder and the he is currently incompetent to stand trial. Dr. Gilbert was also subject to cross-examination by defense counsel. Finally, the Defendant introduced three exhibits for the Court's consideration, including two mental health evaluations performed in May and June 2018.

3

After considering all the record evidence, the Court made a finding that a preponderance of the evidence supported a finding that Mr. Koehler is currently suffering from a mental disease or defect that renders him incompetent to stand trial. This memorandum opinion and order memorializes the Court's finding during the hearing and provides more specific instructions for Koehler's confinement.

## II. Legal Standards

Due process categorically prohibits subjecting a criminal defendant who is mentally incompetent to proceed to trial or to enter a guilty plea. *See, e.g.*, *Godinez v. Moran*, 509 U.S. 389 (1993); *Drope v. Missouri*, 420 U.S. 162 (1975). A criminal defendant is mentally incompetent to stand trial if he is presently "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Still, courts must take certain steps to determine the competency of a criminal defendant upon proper motion, including ordering that a psychological evaluation of the defendant be conducted and holding a competency hearing. 18 U.S.C. §§ 4241(a), (b).

At the competency hearing, the defendant shall be represented by counsel and "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to

confront and cross-examine witnesses who appear at the hearing."
18 U.S.C. § 4247(d). After the hearing, if the Court finds by a preponderance of the evidence that the defendant is unable to understand the nature and consequences of the proceedings against him or to properly assist his defense due a mental disease or defect, the Court "shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). The statute further provides that

> The Attorney General shall hospitalize the defendant for treatment in a suitable facility—
>
> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law.

*Id.* If the defendant's mental condition has not improved by the end of the time period specified, the defendant may be committed for a longer period, after another hearing and based on a different legal standard, pursuant to 18 U.S.C. § 4246.

Finally, the director of the facility in which the Defendant is hospitalized must promptly file a certificate with the Clerk of

5

the Court if the director determines that the defendant has recovered to such an extent that the defendant is able to understand the nature and consequences of the proceedings against him and assist in his own defense. If such a certificate is filed, the Court must hold another hearing pursuant to 18 U.S.C. § 4247(d).

## III. Analysis

At present, there is adequate evidence to establish, by a preponderance of the evidence, that Koehler is unable to understand the nature and consequences of the proceedings against him or to properly assist his defense due a mental disease or defect.

The following objective evidence in the record supports a finding, by a preponderance of the evidence, that Koehler is unable to understand the consequences and nature of the proceedings and is unable to assist his attorney:

> (1) Statements from Koehler's former attorney Ben Allen that suggest that Koehler was uncooperative, resistant to the advice of counsel, and overly confident about his abilities in this criminal matter;
>
> (2) Statements from Mr. Allen indicating that Koehler's parents and two attorneys representing him in state court proceedings had concerns about Koehler's mental competence;

> (3) A detailed psychiatric evaluation and report by Dr. Alicia Gilbert, a forensic psychologist, opining that Mr. Koehler is presently suffering from symptoms of a Bipolar Disorder and that he is presently unable to stand trial due to a mental defect or disease; and
>
> (4) Letters from Koehler, including a recent letter, that suggest that Koehler continues to be overly confident about his chances of success in this criminal proceeding and that Koehler is continuing to be uncooperative with his court-appointed counsel.

The exhibits submitted by Koehler suggest that a social worker and forensic psychologist suggested that Koehler was competent to stand trial during the summer of 2018. Still, these reports do not establish that Koehler is presently competent or negate the other objective evidence in the record. The mental status evaluation and the forensic evaluation report submitted by Koehler are much less detailed than the forensic evaluation and report conducted by Dr. Gilbert. Moreover, neither cover an extended evaluation such as that conducted by Dr. Gilbert.

Finally, according to Mr. Nash, Mr. Koehler felt that it was very important to tender a hand-written exhibit to the Court, which was introduced as Defense Exhibit 3. It is unclear who wrote the information in Exhibit 3 or why it is relevant. The exhibit appears to be an unintelligible short story or journal entry.

Still, the fact that Mr. Koehler felt that this exhibit was relevant and insisted on its introduction to the Court provides further evidence that he is not currently competent to stand trial. Overall, the mental health reports submitted by the defense notwithstanding, there is sufficient evidence to demonstrate that Mr. Koehler is suffering from a mental disease or defect that renders him incompetent at present.

### IV. Conclusion

In sum, after weighing the evidence, there is sufficient evidence to demonstrate that Mr. Koehler is incompetent to stand trial or enter a guilty plea at this time. Mr. Koehler has made it clear that he wishes to proceed to trial and be released from incarceration. Still, the charges that Mr. Koehler faces are serious and may lead to further incarceration if Koehler becomes competent and is convicted. At this point, the best thing Mr. Koehler can do to help himself and speed up the present criminal proceeding is to cooperate with mental health professionals while he is committed for further evaluation and treatment.

Accordingly, **IT IS ORDERED** as follows:

(1) Defendant Scott Koehler is **COMMITTED** to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4241(d) for a reasonable time, **not to exceed four months**, for hospitalization and additional mental health evaluation and treatment;

(2) If the director of the facility in which Koehler is hospitalized determines that Koehler has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director **SHALL PROMPTLY FILE** a certificate to that effect with the Clerk of this Court in compliance with 18 U.S.C. § 4241(e);

(3) The Director of the Facility or one of the mental health professionals evaluating and treating Koehler **SHALL SUBMIT a written report** to the Court concerning the evaluations and treatments conducted, whether Koehler cooperated with and responded to such treatment, providing an opinion on whether Koehler is presently competent to stand trial, and any other relevant information, **no later than Monday, June 3, 2019**, if not before. This report will be circulated amongst the relevant parties and a hearing will be scheduled by the Court if necessary;

(4) The Court **FINDS** that defendant has been properly advised of his rights to a speedy trial and that continuance is necessary due to the evaluation of the mental and/or physical capacity of defendant. Pursuant to 18 U.S.C. §3161(h)(1)(A), the Court previously excluded the time from the date the motion was filed, November 13, 2018, through the date that the competency hearing was held. Therefore, having found that additional evaluation is

warranted, the time will be excluded from March 18, 2019, through completion of the current evaluation period; and

(5) Additionally, having found that the Defendant is currently incompetent to stand trial, the Court **FINDS** that, pursuant to 18 U.S.C. § 3161(h)(4), the time is excluded from the date of the competency hearing, March 18, 2019, until the Court makes a finding that the Defendant is competent to stand trial or the date the Court receives notice that the Defendant is able to stand trial.

This the 18th day of March, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge